UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FRANCES LUDWIGSON,

        Plaintiff,

– against –

THE ROMAN CATHOLIC DIOCESE OF
BROOKLYN, OUR LADY OF HOPE
PARISH, MICHAEL KREBS & MICHAEL
A. CARRANO,

        Defendants.

**MEMORANDUM AND ORDER**

14-CV-1212

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 21 2015 ★
BROOKLYN OFFICE

**JACK B. WEINSTEIN, Senior United States District Judge:**

    Trial was scheduled to commence on April 20, 2015. ECF No. 28, March 16, 2015.

    On April 10, 2015, defendants informed the court that a settlement was agreed upon and that a formally executed document would follow; they requested that trial be cancelled. ECF No. 37, April 10, 2015. The case was removed from the court's calendar.

    On April 27, 2015, plaintiff requested that the trial be placed back on the court's calendar for trial. ECF No. 38.

    Plaintiff's counsel stated that plaintiff had changed her mind and had withdrawn her oral consent. *See* H'rg Tr., May 20, 2015. She had decided not to settle. *See* ECF No.38 (noting that the "parties had not memorialized anything in writing and no terms have been agreed upon"); Hr'g Tr., May 20, 2015. Defendants opposed, stating that "it was the clear representation from Plaintiff through her Counsel that this matter had settled." ECF No. 39, April 28, 2015. *See also* H'rg Tr.



1

On May 20, 2015, the court heard plaintiff's motion to place the case back on the trial calendar. H'rg Tr. The hearing was styled as a "motion to reopen the case." *See* ECF Nos. 40, 42. In fact, the case was never formally closed. It had been removed from the court's trial calendar.

Defendants opposed, relying on *Winston v. Mediafare Entm't Corp.*, 777 F.2d 78, 83 (2d Cir. 1985) for the proposition that parties *may* enter into contracts without memorializing their agreement in a full executed document and that a full, enforceable settlement had been entered into.

At the May 20th hearing, the court heard oral argument from counsel for both sides, and questioned the plaintiff. She appeared to be credible. She had decided to settle under severe time pressure; needed much more money to protect her home from foreclosure; had been deeply hurt emotionally and by loss of income; and needed a recovery as soon as possible. *See* H'rg Tr.

Based on oral argument and examination of the plaintiff, for the reasons stated orally on the record, and as a matter of equity and due process, the trial was placed back on the court's calendar.

Jury selection by a magistrate judge will be held on <u>July 13</u>. Trial will commence on <u>July 16, 2015 at 10:00 a.m.</u> in Courtroom 10 B South.

Argument on *in limine* motions will be heard on <u>July 7, 2015 at 10:00 a.m.</u> in Courtroom 10B South. Plaintiff shall appear in person at the *in limine* hearing.

By <u>July 1, 2015 at 10:00 a.m.</u>, the parties shall submit proposed jury charges with verdict sheets, *in limine* motions, and supporting briefs. They shall exchange and docket: (1) lists of pre-marked exhibits proposed for use at trial and stipulations regarding admissibility; (2) lists of

2

potential witnesses together with brief summaries of proposed testimony; and (3) stipulations with respect to all undisputed facts. Copies shall be provided to the court.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Date: May 20, 2015
      Brooklyn, New York