UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANCES LUDWIGSON, | **MEMORANDUM AND ORDER** |
| Plaintiff, | 14-CV-1212 |
| – against – | |
| THE ROMAN CATHOLIC DIOCESE OF BROOKLYN, OUR LADY OF HOPE PARISH, MICHAEL KREBS (*Individually*) & MICHAEL A. CARRANO (*Individually*), | |
| Defendants. | |

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JUN 1 6 2015 ★
BROOKLYN OFFICE

**JACK B. WEINSTEIN, Senior United States District Judge:**

I.    **Introduction**

Defendants request a stay of trial pending their appeal of the court's order denying dismissal of the case on the ground that it had been settled. Defs.' Letter Req. Stay of Trial 2, June 8, 2015, ECF No. 47 ("Defs.' Letter"). Plaintiff opposes. Pl.'s Reply in Opp'n, June 10, 2015, ECF No. 48. The request is denied for the reasons stated below. *See also* Order, June 11, 2015, ECF No. 49. Trial is set for July, 16, 2015. Ct. Mem. & Order, ECF No. 43.

II.    **Procedural History**

On April 10, 2015, defendants informed the court that a settlement was agreed upon and that a formally executed document would follow; they requested that trial be cancelled. Defs.' Letter, Apr. 10, 2015, ECF No. 37. The case was removed from the court's calendar.

On April 27, 2015, plaintiff requested that the trial be placed back on the court's calendar for trial. Pl.'s Letter Req. New Trial Date, Apr. 27, 2015, ECF No. 38. Plaintiff's counsel stated



1

that plaintiff had changed her mind and had withdrawn her oral consent to settlement. She had decided not to settle. *See id.*; *see also* Hr'g Tr., May 20, 2015.

Defendants opposed, contending that "it was the clear representation from Plaintiff through her Counsel that this matter had settled." Defs.' Letter in Opp'n to Pl.'s Request for a New Trial Date, Apr. 28, 2015, ECF No. 39; *see also* Hr'g Tr.

On May 20, 2015, the court heard plaintiff's motion to place the case back on the trial calendar. *See* Hr'g Tr. The hearing was styled a "motion to reopen the case." *See* Order, May 4, 2015, ECF No. 40; Order, May 5, 2015, ECF No. 42. In fact, the case was never formally closed. It had merely been removed from the court's trial calendar. *See* Ct. Mem. & Order, May 20, 2015, ECF No. 43. Defendants opposed plaintiff's motion. Defs.' Letter, ECF No. 39.

At the May 20th hearing, the court heard oral argument from counsel for both sides, and questioned the plaintiff. Ct. Mem. & Order, ECF No. 43; Hr'g Tr. It found:

> [Plaintiff] appeared to be credible. She had decided to settle under severe time pressure; needed much more money to protect her home from foreclosure; had been deeply hurt emotionally and by loss of income; and needed a recovery as soon as possible.

Ct. Mem. & Order 2. The court held that based on "oral argument and examination of the plaintiff. . . and as a matter of equity and due process, the trial was placed back on the court's calendar." *Id.*

On May 21, 2015, defendants appealed to the Court of Appeals for the Second Circuit from "the Order dated May 20, 2015, granting Plaintiff France[s] Ludwigson's [m]otion to re-open the case for the purposes of scheduling a new trial." *See* Defs.' Notice of Appeal, May 21, 2015, ECF No. 44; Receipt of Filing of Appeal, ECF No. 45.

Defendants now move to stay the trial pending their appeal. Defs.' Letter Req. Stay of Trial, June 8, 2015, ECF No. 47.

### III. Law

"On a motion to stay the effect of a district court's order, the court considers four factors: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *In re Trusteeship Created by LNR CDO IV, Ltd.*, 13-CV-2239, 2014 WL 407021, at *1 (S.D.N.Y. Feb. 3, 2014) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

### IV. Application of Law to Facts

Defendants' motion to stay the trial pending appeal is denied.

First, defendants have not made a strong showing they will succeed on the merits. They fundamentally mischaracterize the nature of the order from which they appeal. They purport to challenge the court's re-opening of the case. But the case was never closed. The court's order merely placed an open dispute back on its calendar for trial. It is unlikely that defendants' appeal will succeed.

Second, defendants have failed to demonstrate irreparable harm. The only harm alluded to is speculation that the Court of Appeals for the Second Circuit's briefing deadlines *may* come after the trial. *See* Defs.' Letter Req. Stay of Trial, June 8, 2015, ECF No. 47. This does not constitute irreparable harm.

Third, a stay would cause injury to another party: the plaintiff. This is an old case, filed in 2013. The plaintiff will be injured if she is forced to wait longer for relief, if she is entitled to it.

Finally, the public interest requires speedy adjudication of this case to allow for the court's attention to other matters on its docket. See Fed. R. Civ. P. 1 (The Federal Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.").

### V. Conclusion

Defendants' application for a stay pending appeal is denied.

SO ORDERED.

/s/ Jack B. Weinstein
Jack B. Weinstein
Senior United States District Judge

Date: June 12, 2015
Brooklyn, New York